# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Matthew T. THIBODEAU,
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24276

### Docket No.  1215

### 9 September 2005

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown.  Tried at Norfolk, Virginia, on 1 March 2004.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LT Patrick M. Flynn, USCG |
| Assistant Trial Counsel: | LCDR Monica L. Lombardi, USCGR |
| Defense Counsel: | LT Steve A. Chiappetta, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL THREE
### BAUM, KANTOR\*, & McCLELLAND
#### Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of knowingly receiving child pornography, one specification of knowingly transporting child pornography in interstate commerce, and one specification of knowingly possessing child pornography on land owned by the U.S. Government, all in violation of 18 U.S.C. 2252A, under Article 134, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to a bad-conduct discharge, confinement for 210 days, and reduction to E-1.

---

\* Judge Kantor did not participate in this decision.

The sentence was unaffected by the pretrial agreement and the Convening Authority approved it as adjudged.

Before this Court, Appellant has assigned one error, that the Appellant was prejudiced by misleading advice given by the Staff Judge Advocate that the Convening Authority lacked authority to grant a general discharge in lieu of a punitive discharge. This advice was provided in an addendum to the staff judge advocate's Rule for Courts-Martial (R.C.M.) 1106, Manual for Courts-Martial, United States, (2002 ed.) recommendation, which was served on Appellant's defense counsel for possible objection and comment, which he chose not to make. Pursuant to R.C.M. 1106(f)(6), failure to object to the advice provided waives any claim of error unless the error is deemed to be plain error. The advice of which Appellant complains does not rise to the level of plain error and for that reason his assignment of error is rejected as waived.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court